IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tyrone Roberson, | ) | Case No. 2:23-cv-04493-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Tuomey Healthcare Systems, Doctor Paul A. Evangelisti, S.C.D.C. Lee Correctional Institution, Inmate Program Services Healthcare Provider Employees, South Carolina Prison Insurance Reserve Fund, State Department of Insurance, Director Bryan A. Stirling, Nurse Anthony Phillips, Associate Warden Arenda Thompson, James Campbell, Dr. Siva K. Chockalingam, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 31] and Plaintiff's motion for appointment of counsel [Doc. 34]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

Plaintiff filed this action pro se. [Doc. 1.] After granting Plaintiff opportunities to amend his Complaint [Docs. 13; 20; 23; 30] and considering Plaintiff's amendments [Docs. 14; 26; *see* Doc. 31 at 4 n.1], on October 23, 2024, the Magistrate Judge issued the Report recommending that the action be summarily dismissed without further leave to amend [Doc. 31]. The Magistrate Judge advised Plaintiff of the procedures and

requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 26.] On November 19, 2024, the Clerk docketed Plaintiff's objections and Plaintiff's motion for appointment of counsel. [Docs. 33; 34.[1]] The Court first addresses Plaintiff's motion for appointment of counsel.

## DISCUSSION

**Plaintiff's Motion for Appointment of Counsel**

There is no constitutional right to counsel in a civil case. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). Although the Court has the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases," *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has recently reiterated that a district court must conduct a fact-specific, two-part inquiry in analyzing whether a case presents exceptional circumstances; that is, "(1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 163). In *Jenkins*, in determining that the case presented exceptional circumstances, the court considered the litigant's carceral status, educational background, legal knowledge, ability to access legal materials and evidence, and

---

[1] Docket Entry Numbers 33 and 34 are the same document. [*Compare* Doc. 33 *with* Doc. 34.] Because Plaintiff included his objections to the Report and his motion for appointment of counsel in one document, the Clerk filed the document twice on the docket as separate entries.

2

physical, mental, and intellectual limitations, as well as whether the case depends on the competing credibility of witnesses whom the pro se litigant would have difficulty cross examining without the aid of counsel.  *Id.* at 248–49.

Here, as discussed below and in the Report, Plaintiff has failed to present a colorable claim.  Moreover, nothing in the record before the Court suggests that Plaintiff lacks the capacity to present his claims.  Although Plaintiff is currently incarcerated, *Jenkins* makes clear that "inexperience and incarceration alone do not warrant appointment of counsel."  *Jenkins*, 109 F.4th at 249.  And Plaintiff's motion for appointment of counsel does not argue that this case presents exceptional circumstances warranting appointment of counsel, but instead merely states that he "is in need of the court to appoint [him] a state licensed civil firm to represent [him]" with no further argument or support.  [Doc. 34 at 1.]  Having considered the factors addressed by the Court in *Jenkins*, Plaintiff's motion for appointment of counsel is denied.

**The Report and Plaintiff's Objections**

*Standard of Review*

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). "Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally." *Martin*, 858 F.3d at 245.

### *Analysis*

The Magistrate Judge recommends dismissing this action because some Defendants are not "persons" amenable to suit under 42 U.S.C. § 1983; Defendant Dr. Paul A. Evangelisti does not appear to be a state actor for purposes of § 1983 and, even if he is a state actor, the medical indifference claim against him is time barred; Defendant James Campbell is entitled to quasi-judicial immunity as the Sumter County Clerk of Court; the Complaint fails to state a § 1983 claim against Defendants Director Bryan A.

Stirling, Nurse Anthony Phillips, Associate Warden Arenda Thompson, and Dr. Siva K. Chockalingam; the Complaint fails to state a claim against any Defendant for conspiracy and/or retaliation under § 1983; and the Court lacks subject matter jurisdiction over any state-law claims.  [Doc. 31.]  Plaintiff's objections begin by copying portions of Orders issued by the Magistrate Judge.  [*Compare* Doc. 33 at 1–5 *with* Doc. 23 *and* Doc. 30.]  The remainder of Plaintiff's objections raise new claims regarding premises liability and seizure of Plaintiff's property, address state-law statutes and claims without addressing the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction over those claims, and repeat verbatim some of the allegations from the Amended Complaint.[2]  [Doc. 33 at 6–22; *compare* Doc. 14 at 8–13 *with* Doc. 33 at 17–22.]  Along with his objections, Plaintiff has also submitted a letter addressed to the state treasurer and exhibits regarding rebate credits under the Coronavirus Aid, Relief, and Economic Security Act.  [Doc. 33-1.]

      The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations.  Nevertheless, out of an abundance of caution for the pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.

---

[2] Plaintiff's objections also reference Medicaid benefits.  [Doc. 33 at 15–16.]  The Court agrees with the Magistrate Judge [Doc. 31 at 18] that it cannot make sense of these allegations.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's motion for appointment of counsel [Doc. 34] is DENIED, and this action is DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

s/Jacquelyn D. Austin<br>United States District Judge

May 12, 2025
Columbia, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.